[Cite as *In re A.Z.*, 2011-Ohio-6739.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

In Re: [A.Z.],                              :
                                            :
                                            :      Case No: 11CA3
                                            :
                                            :
                                            :      DECISION AND
                                            :      JUDGMENT ENTRY
                                            :
                                            :      Filed:  December 21, 2011

APPEARANCES:

Michael L. Barr, Little & Sheets, L.L.P., Pomeroy, Ohio, for Appellants.

Trenton J. Cleland, Pomeroy, Ohio, for Appellees.[1]

Kline, J.:

{¶1}    Kent and Kim Eads (hereinafter the "Eadses") appeal the judgment of the

Meigs County Court of Common Pleas, Juvenile Division, which dismissed the Eadses'

claim for reasonable companionship time with A.Z., a minor child.  The juvenile court

found that, as applied in this case, R.C. 3109.12 violates the Equal Protection Clause.

On appeal, the Eadses make arguments based on (1) our decision in *Moore v. Strassel*

(Feb. 26, 1998), Pickaway App. No. 97 CA 32, and (2) the statutory interpretation of

R.C. 3109.12.  Because these arguments are irrelevant to the equal-protection issues in

this case, we find no merit in the Eadses' appeal.  Accordingly, we affirm the judgment

of the trial court.

I.

---

[1] The Appellees did not participate in this appeal.

**{¶2}**  On August 15, 2008, Tiffany Willis (hereinafter "Willis") gave birth to A.Z. Kim Eads is Willis's first cousin.  Walid Zahran (hereinafter "Zahran") is A.Z.'s biological father, but Zahran and Willis were not married at the time of A.Z.'s birth.

**{¶3}**  In late 2009, the juvenile court granted temporary custody of A.Z. to the Eadses.  Willis and Zahran, however, regained custody of A.Z. the following June.

**{¶4}**  On September 17, 2010, the Eadses filed a complaint for reasonable companionship time with A.Z.  The Eadses based their complaint on R.C. 3109.12(A), which provides the following: "If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child."

**{¶5}**  On September 20, 2010, Willis and Zahran were married.

**{¶6}**  On October 4, 2010, Willis and Zahran filed a motion to dismiss the Eadses' complaint for reasonable companionship time.  Willis and Zahran argued that, as applied in this case, R.C. 3109.12 violates the Equal Protection Clause.  Essentially, Willis and Zahran claimed that R.C. 3109.12 unconstitutionally distinguishes between (1) a mother who was married to the biological father at the time of the child's birth and (2) a mother who married the biological father sometime after the child's birth.

**{¶7}**  The juvenile court agreed with Willis and Zahran and found an "as applied" equal-protection violation.  As the juvenile court held, "[T]his court finds no rational basis to differentiate married biological parents, who happen to be unmarried at the time that a relative files a complaint seeking companionship rights, from married biological parents who married before the child was born.  Relatives, absent a showing of parental

unfitness, would not be able to obtain companionship rights with a child born after the marriage of biological parents.

**{¶8}** "Therefore, the Court holds that Ohio Revised Code Section 3109.12 is unconstitutional as applied to the particular facts and circumstances of this case. * * *.

**{¶9}** "Based on the foregoing, the Complaint for Companionship Rights is dismissed." January 4, 2011 Judgment Entry.

**{¶10}** The Eadses appeal and assert the following assignment of error: I. "THE TRIAL COURT COMMITTED PLAIN ERROR IN GRANTING APPELLEES' MOTION TO DISMISS APPELLANTS' COMPLAINT FOR REASONABLE COMPANIONSHIP TIME PURSUANT TO OHIO REVISED CODE [SECTION] 3109.12."

II.

**{¶11}** On appeal, the Eadses contend that the trial court erred when it dismissed their complaint for companionship time with A.Z. And although the trial court dismissed the Eadses' complaint based on equal-protection grounds, the Eadses do not make any equal-protection arguments in their appellate brief. Instead, the Eadses argue that the trial court should have followed our decision in *Moore*.

A. Equal Protection

**{¶12}** "Constitutional analysis is a question of law that we review de novo." *State v. Rayburn*, Jackson App. No. 09CA6, 2010-Ohio-5693, at ¶25 (citations omitted).

**{¶13}** The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Similarly, the Ohio Constitution provides that "[a]ll political power is inherent in the people. Government is instituted for their

equal protection and benefit[.]"  Section 2, Article I of the Ohio Constitution.  "The limit placed upon governmental action by the Equal Protection Clauses of the Ohio and United States Constitutions are nearly identical."  *Sorrell v. Thevenir*, 69 Ohio St.3d 415, 424, 1994-Ohio-38.  Therefore, "the equal protection provisions of the Ohio and federal Constitutions * * * require the same analysis."  *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, at ¶11, citing *State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, at ¶11.

{¶14}  "The Equal Protection Clauses require that all similarly situated individuals be treated in a similar manner."  *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, at ¶90, citing *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, at ¶6.  See, also, *City of Cleburne v. Cleburne Living Ctr.* (1985), 473 U.S. 432, 439 (stating that the Equal Protection clause "is essentially a direction that all persons similarly situated should be treated alike").  In other words, "'[t]he equal protection of law implies that all litigants similarly situated may appeal to courts for both relief and defense under like conditions, with like protection, and without discrimination.'"  *Conley v. Shearer*, 64 Ohio St.3d 284, 288, 1992-Ohio-133, quoting *Sexton v. Barry* (C.A.6, 1956), 233 F.2d 220, 224.

{¶15}  "A statute may be challenged as unconstitutional on the basis that it is invalid on its face or as applied to a particular set of facts.  See, e.g., *United States v. Eichman* (1990), 496 U.S. 310, 312[.]  In an as-applied challenge, the challenger 'contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional.'  *Ada v. Guam Soc. of Obstetricians & Gynecologists* (1992), 506 U.S. 1011[,] (Scalia, J., dissenting)."  *State v. Lowe*, 112

Ohio St.3d 507, 2007-Ohio-606, at ¶17.  In the proceedings below, the trial court found that R.C. 3109.12 "is unconstitutional *as applied* to the particular facts and circumstances of this case."  January 4, 2011 Judgment Entry (emphasis added).

### B. The Eadses' Argument

{¶16}  According to the Eadses, "the trial court in this matter should have followed the reasoning of the *Moore* court in rendering its decision."  Appellants' Brief at 13.  In *Moore*, we found that R.C. 3109.12 "specifically provides that the marriage or remarriage of the mother does not affect the right of the court to order visitation pursuant to the statute.  The applicability of the statute hinges on whether the mother was unmarried at the time the child was born."  *Moore*.  Essentially, the Eadses base their *entire argument* on (1) our decision in *Moore* and (2) the statutory interpretation of R.C. 3109.12.

{¶17}  The trial court, however, based its decision on the equal-protection clause -- a fact the Eadses completely ignore in their appellate brief.  The Eadses do not make any constitutional arguments in support of their assignment of error.  In fact, the Eadses' argument does not even contain the words "equal protection."  Furthermore, because our decision in *Moore* did not involve an as-applied-equal-protection challenge to R.C. 3109.12, the Eadses' reliance on *Moore* is completely misplaced.  Simply put, the Eadses' argument based on (1) *Moore* and (2) the statutory interpretation of R.C. 3109.12 is irrelevant to both the trial court's decision and the issues before this court.

{¶18}  Because the Eadses' arguments are irrelevant, we find no merit in the Eadses' appeal.  "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out. * * * It is not the function of this court to construct a

foundation for [an appellant's] claims[.]" *Coleman v. Davis*, Jackson App. No. 10CA5, 2011-Ohio-506, at ¶13 (citations omitted) (alterations sic).  In other words, "[i]t is not * * * our duty to create an argument where none is made." *Deutsche Bank Natl. Trust Co. v. Taylor*, Summit App. No. 25281, 2011-Ohio-435, at ¶7.  Therefore, we will not address any potential equal-protection arguments when the Eadses' failed to make those arguments on appeal.

**{¶19}**  Finally, it would be inappropriate for us to create an argument on the Eadses' behalf.  Under App.R. 16(A)(7), the appellants' brief "shall include * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions[.]"  Here, the Eadses presented their argument under App.R. 16(A)(7).  Unfortunately, the reasons in support of the Eadses' contentions do not address the relevant issues before us on appeal.  And in our view, we would be circumventing the appellate rules if we created a new argument for the Eadses.

**{¶20}**  Accordingly, we (1) reject the Eadses' argument as irrelevant, (2) overrule the Eadses' assignment of error, and (3) affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellants shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Harsha, P.J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court


BY:_____
        Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**