[Cite as *Rice v. Lewis*, 2012-Ohio-2588.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

Stephen Rice, et al.,                     :
                                         :

       Plaintiffs-Appellees,          :

                                           :        Case No. 11CA3451

       v.                              :

                                           :        <u>DECISION AND</u>

Cherish Lewis,                     :        <u>JUDGMENT ENTRY</u>

                                           :

       Defendant-Appellant.        :        Filed:  May 14, 2012
_____

APPEARANCES:

Holly P. Regoli, Law Offices of Holly P. Regoli, Lancaster, Ohio; and Gregory P.
Barwell, E. Joel Wesp, and Quinn M. Schmiege, Wesp/Barwell/Pierre-Louis, L.L.C.,
Dublin, Ohio, for Appellant.

Rebecca L. Bennett, Portsmouth, Ohio, for Appellees.
_____

Kline, J.:

{¶1}     Cherish Lewis (hereinafter "Lewis") appeals the judgment of the Scioto

County Court of Common Pleas, Domestic Relations Division, which designated

Stephen A. Rice (hereinafter "Rice") as the residential parent and legal custodian of

their minor child.  On appeal, Lewis advances various arguments about the propriety of

the trial court's judgment.  We will not, however, address these arguments.  Instead, for

the following reasons, we find that no final appealable order exists.  First, the trial

court's August 26, 2011 Judgment Entry does not meet the requirements of Civ.R.

54(B).  Second, we cannot create a final appealable order by combining the August 26,

2011 Judgment Entry and the September 2, 2011 Judgment Entry.  And finally, even if

we could combine these two entries, the September 2, 2011 entry leaves issues

unresolved and contemplates that further action must be taken. Accordingly, we dismiss this appeal for lack of jurisdiction.

I.

**{¶2}** This matter is before this court for a third time. *See Rice v. Lewis*, 4th Dist. No. 08CA3238, 2009-Ohio-1823 (hereinafter "*Rice I*"); *Rice v. Lewis*, 4th Dist. App. No. 09CA3307, 2010-Ohio-1077 (hereinafter "*Rice II*"). Because *Rice I* and *Rice II* recount many of the facts of this case, we will not repeat those facts here. Instead, we will discuss only the facts pertinent to this particular appeal.

**{¶3}** Lewis and Rice are the biological parents of the minor child (hereinafter the "Child"), and Regina Kelley (hereinafter "Kelley") is Rice's mother. (The trial court permitted Kelley to intervene as a party. *See Rice I* at ¶ 6.) In *Rice I*, we reversed an order that designated Rice as the Child's residential parent. *Rice I* at ¶ 94-95. And in *Rice II*, we vacated all of the orders that resulted from a July 24, 2009 hearing. *Rice II* at ¶ 62.

**{¶4}** After *Rice I* and *Rice II*, the trial court had to resolve (1) custody of the Child and (2) various other issues raised by the parties. For example, Lewis requested another evidentiary hearing on the best interest of the Child. Then, on June 8, 2010, Lewis filed a motion to terminate Kelley's companionship time with the Child. And finally, on April 12, 2011, Lewis filed a motion for parenting time. (According to Lewis's motion, she had not seen the Child in "more than a year.")

**{¶5}** The trial court did not hold another evidentiary hearing before resolving the custody issue. Instead, in an August 26, 2011 Judgment Entry, the trial court stated the following:

> The Court hereby adopts and approves the Proposed
>
> Findings of Fact and Conclusion[s] of Law as submitted by
>
> [Rice] in this matter, and it shall become an order of the
>
> Court.
>
> * * *
>
> Based on the foregoing, it is the FINDING and ORDER of
>
> the Court that it is in the best interest of the minor child that
>
> [Rice] be and is hereby designated as the residential parent
>
> and legal custodian of the [Child,] and the same is
>
> GRANTED.

{¶6}     In addition to deciding the issue of custody, the Proposed Findings of Fact and Conclusions of Law denies Lewis's "motion for emergency custody; reassignment to a different judge; and the termination of the plaintiff, Regina Kelley's, grandparent's rights."  Proposed Findings of Fact and Conclusions of Law at 5.

{¶7}     On September 2, 2011, the trial court issued a judgment entry that addresses Lewis's parenting time and various other issues.  The September 2, 2011 entry does not, however, address the issue of custody.

{¶8}     Lewis appeals from the August 26, 2011 Judgment Entry, and she asserts the following two assignments of error: I. "The trial court's August 26, 2011 order should be set aside because the trial court defied this Appellate Court's remand order in Case No. 08CA3238 by failing to correctly and thoroughly weigh the Ohio Revised Code § 3109.04 factors for determining the best interest of the child in determining custody, and thereby abused its discretion and erred to Appellant's

prejudice in designating Appellee the residential parent and legal custodian of the parties' minor child. Alternatively, the trial court's award of custody to Appellee is against the manifest weight of the evidence." And II. "The trial court's August 26, 2011 order should be set aside because the trial court defied this Appellate Court's remand order in Case No. 08CA3238 wherein this Court directed the trial court to fully consider the Ohio Revised Code § 3109.04 factors for determining the best interests of the child, thereby abusing its discretion and erring to Appellant's prejudice in determining that a full evidentiary hearing was not required by this Appellate Court's remand in Case No 08CA3238 and in determining that evidence presented prior to and at the hearing held February 20, 2008 was sufficient to support the trial court's otherwise erroneous and overturned decision designating Appellee the residential parent and legal custodian of the parties' minor child."

## II.

{¶9} "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Caplinger v. Raines*, 4th Dist. No. 02CA2683, 2003-Ohio-2586, ¶ 2, citing Ohio Constitution, Article IV, Section (3)(B)(2); R.C. 2505.02. "If an order is not final and appealable, then we have no jurisdiction to review the matter." *Saunders v. Grim*, 4th Dist. App. Nos. 08CA668 & 08CA669, 2009-Ohio-1900, ¶ 5. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Caplinger* at ¶ 2, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

{¶10} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

Therefore, "[a]n order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable." *Oakley v. Citizens Bank of Logan*, 4th Dist. No. 04CA25, 2004-Ohio-6824, ¶ 9, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus.

{¶11} We discussed Civ.R. 54(B) in *Bumgarner v. Bumgarner*, 4th Dist. No. 08CA21, 2009-Ohio-3490.

> Civ.R. 54(B) is intended "to strike a reasonable balance between the policy against piecemeal appeals and the possible injustice sometimes created by the delay of appeals." [*Bell Drilling & Producing Co. v. Kilbarger Constr., Inc.*, 4th Dist. No. 96CA23, 1997 WL 361025, *3 (June 26, 1997).] " * * * Civ.R. 54(B) certification demonstrates that the trial court has determined that an order, albeit interlocutory, should be immediately appealable, in order to further the efficient administration of justice and to avoid

piecemeal litigation or injustice attributable to delayed

appeals." *Sullivan v. Anderson Twp.*, [122 Ohio St.3d 83,

2009-Ohio-1971, 909 N.E.2d 88,] ¶ 11.

(Omission sic.) *Bumgarner* at ¶ 5.

**{¶12}** We find that Civ.R. 54(B) is significant for the following reason: In the August 26, 2011 entry, the trial court entered judgment on (1) fewer than all of the claims and (2) fewer than all of the parties. First, the August 26, 2011 entry does not resolve the issue of Lewis's parenting time with the Child. The Proposed Findings of Fact and Conclusions of Law states that "[t]he trial court has ordered that the defendant be granted parenting time with the child and that matter is being disposed of by way of a separate judgment entry." Therefore, the August 26, 2011 entry contemplates further action on the parenting-time issue. *See Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (4th Dist.2001). Furthermore, because Kelley is a party to this case, the trial court had to clearly address her rights and responsibilities. *See Bankers Trust Co. v. Orchard*, 9th Dist. No. CA 19528, 2000 WL 254899, *2 (Mar. 8, 2000). Here, the Proposed Findings of Fact and Conclusions of law states that the trial court had denied "the termination of [Kelley's] grandparent's rights." The trial court does not, however, address what these grandparent's rights happen to be. *See Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216, 736 N.E.2d 101 (9th Dist.2001) (noting that a judgment must "provide sufficient information to enable the parties to understand the outcome of the case"), quoting *Walker v. Walker*, Summit App. No. 12978, 1987 WL 15591, *2 (Aug. 5, 1987). (On May 9, 2008, the trial court set a schedule for Kelley's visitation with the Child. But that schedule was based upon the parenting arrangement

in effect at that time. Obviously, the parenting arrangement has changed since May 9, 2008. Therefore, we cannot infer Kelley's current rights and responsibilities from the record. In fact, the record makes it clear that Kelley's current rights and responsibilities are unknown. The trial court discussed the extent of Kelley's visitation rights during an April 19, 2011 hearing. At one point, the trial court judge said that Kelley's visitation is "not gonna be like it was[.]" April 19, 2011 Transcript at 62. The trial court judge also asked the parties to "work it out or submit written proposals and I'll figure [Kelley's visitation] out without another hearing." *Id.* at 63. The record, however, does not contain any post-April 19, 2011 proposals or entries that outline Kelley's visitation rights.)

**{¶13}** "Because the judgment appellants are appealing failed to adjudicate every claim and/or dispose of all parties, we must look to see if the trial court certified that there was no just reason for delay. A review of the trial court's entry reveals that it did not." *Bumgarner* at ¶ 6. Accordingly, the August 26, 2011 entry is not a final appealable order. *See id.*; *Tina B. v. Richard T.*, 6th Dist. No. L-95-328, 1996 WL 913169, *5 (May 28, 1996) ("When an action involves multiple claims for relief, such as in this case in which appellant's motion requests judgment on the closely related issues of custody and child support, a trial court's judgment which adjudicates less than all of the claims is not a final appealable order."); *compare Sites v. Sites*, 4th Dist. No. 09CA19, 2010-Ohio-2748, ¶ 30, fn. 2 ("Because the trial court's decision * * * includes appropriate Civ.R. 54(B) language, we conclude that its decision is a final, appealable order, even though the court's decision did not dispose of both appellant's motion to

modify child support and motion to modify the prior allocation [of parental rights and responsibilities].").

{¶14}     We also find that the September 21, 2011 entry is not a final appealable order.  Here, the September 2, 2011 entry does not (1) address the issue of custody, (2) discuss Kelley's rights and responsibilities, or (3) include Civ.R. 54(B)'s no-just-reason-for-delay language.  Accordingly, the September 2, 2011 entry does not meet the requirements of Civ.R. 54(B).  Moreover, "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *Horton* at 696, citing *Chef Italiano*, 44 Ohio St.3d 86, 541 N.E.2d 64.  And here, the September 2, 2011 entry leaves at least two issues unresolved: (1) Lewis's motion for parenting time and (2) her request for an evidentiary hearing.  First, although it grants Lewis's parenting-time motion, the September 2, 2011 entry also grants her "leave to make a written request for the modification of the standard parenting time."  Therefore, the September 2, 2011 entry contemplates further action on the parenting-time issue. And second, the September 2, 2011 entry states that "Findings of Fact and Conclusions of Law [on the evidentiary-hearing issue] are to be submitted to the Court for review along with an entry adopting the same."  Therefore, the September 2, 2011 entry also contemplates further action on Lewis's request for an evidentiary hearing.  As a result, the September 2, 2011 entry cannot be a final appealable order.

{¶15}     "Since interlocutory orders are subject to modification, the trial court may reconsider them at any time." *Javidan-Nejad v. Navadeh*, 8th Dist. No. 95406, 2011-Ohio-2283, ¶ 62.  As a result, the trial court may still reconsider either the August 26, 2011 Judgment Entry or the September 2, 2011 Judgment Entry.  (For example, the

September 2, 2011 entry revisits the August 26, 2011 entry's denial of Lewis's motion for an evidentiary hearing.) And for that reason, we may not review these entries on appeal. *See Yeckley v. Yeckley*, 8th Dist. No. 96873, 2012-Ohio-84, ¶ 16-17. Furthermore, we do not believe that we can review the August 26, 2011 entry by combining it with the September 2, 2011 entry. "'It is clear under Ohio case law that when a final judgment has been entered terminating an *entire* case, all prior interlocutory orders will merge into the final judgment and be appealable at that time.'" (Emphasis sic.) *CNT Constr., Inc. v. Bailey*, 8th Dist. No. 96292, 2011-Ohio-4640, ¶ 26, quoting *Davis v. Galla*, 6th Dist. No. L-08-1149, 2008-Ohio-3501, ¶ 6. But here, we do not have a final judgment that terminates an entire case -- i.e., a judgment that the August 26, 2011 Judgment Entry can merge into. Furthermore, we cannot combine multiple interlocutory orders in an effort to satisfy Civ.R. 54(B). But even if we could, combining the August 26, 2011 entry and the September 2, 2011 entry would not terminate the entire case. This is so for two reasons. First, the September 2, 2011 entry leaves issues unresolved and contemplates that further action must be taken. And second, neither entry addresses Kelley's rights and responsibilities.

{¶16}    In conclusion, we find that no final appealable order exists in the present case. As a result, we must dismiss Lewis's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J.:  Concurs in Judgment & Opinion.
Harsha, J.:  Concurs in Judgment Only.

For the Court


BY:  _____
           Roger L.  Kline, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**