[Cite as *Purdy v. Purdy*, 2013-Ohio-280.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| KATHY PURDY, | : | Case No. 12CA3490 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| RICHARD PURDY, | : | |
| | : | **RELEASED 01/25/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Robert R. Dever, BANNON, HOWLAND & DEVER, CO., L.P.A., Portsmouth, Ohio, for appellant.

Rebecca L. Bennett, Portsmouth, Ohio, for appellee.
_____

Harsha, J.

{¶1}   Richard Purdy appeals from the trial court's decision on his motion for an extension of time to purge his contempt for failure to comply with certain requirements of a divorce decree.  Mr. Purdy contends that he and his ex-wife reached an agreement for the resolution of the motion but complains the court's judgment entry does not accurately memorialize that agreement.  However, the court has not yet imposed a sanction or penalty for one of Mr. Purdy's contemptuous acts.  As a result, no final, appealable order exists for the contempt proceedings, and the court's ruling on Mr. Purdy's motion for an extension of time to purge his contempt is interlocutory.  Accordingly, we lack jurisdiction to consider this appeal and dismiss it.

I.  Facts

{¶2}   Kathy and Richard Purdy married in 1978 and obtained a final decree of divorce in 2007.  Among other things, the court ordered Mr. Purdy to pay child and spousal support and to pay half of a martial debt owed to Pope and Levy.  In addition, the court

sustained Ms. Purdy's motion to have Mr. Purdy held in contempt for failure to pay temporary child and spousal support and violating a mutual restraining order concerning the couple's truck, imposed a sentence, and gave Mr. Purdy an opportunity to purge his contempt.

{¶3}   In April 2010, Ms. Purdy filed a motion asking the court to find Mr. Purdy in contempt for not paying his share of debts owed to Pope and Levy, Southern Ohio Medical Center, Attorney Jerry Buckler, National Financial Holdings, and Beneficial Household as ordered in the divorce decree.  She also asked the court to find him in contempt for not paying his child and spousal support obligations and failing to notify the Scioto County Child Support Enforcement Agency of changes in his employment.  In addition, she asked the court to "issue a praecipe and execution of judgment for the previous contempts as contained in this Court's order of May 23, 2007" and award her attorney fees if the court found Mr. Purdy in contempt.

{¶4}   In September 2010, the court issued a decision that partially disposed of Ms. Purdy's motion.  The court found that Mr. Purdy agreed to pay Ms. Purdy a lump sum amount for the debts owed to Southern Ohio Medical Center and Attorney Jerry Buckler within 60 days of July 27, 2010.  If he failed to timely pay, the court held that Mr. Purdy "shall be found to be in contempt and a sentence of thirty (30) days shall be imposed without further hearing."

{¶5}   Before the court ruled on the remainder of Ms. Purdy's April 2010 motion, both parties filed additional contempt motions.  Mr. Purdy asked the court to find Ms. Purdy in contempt for failure to comply with the visitation schedule for the minor child.  Ms. Purdy requested that the court find Mr. Purdy in contempt for withdrawing funds from her checking account and failure to pay his portion of uninsured medical expenses for the

minor child.  Then, Mr. Purdy asked the court to find Ms. Purdy in contempt for not paying her share of the medical expenses.

{¶6}    In November 2011, a magistrate issued a decision on the pending motions, and the trial court adopted those recommendations the same day.  The trial court found Mr. Purdy in contempt for nonpayment of child support, nonpayment of spousal support, withdrawing funds from Ms. Purdy's checking account, and failure to pay his share of the Pope and Levy debt.  The court sentenced Mr. Purdy to 10 days incarceration for withdrawing funds from the checking account but gave him an opportunity to purge the contempt.  Regarding nonpayment of support, the court stated:

> It is the FINDING and ORDER of the Court that Husband is hereby sentenced to sixty (60) days incarceration and fined $200.00 for his failure to pay child support, this being a second finding of Contempt.  Further, Husband is sentenced to thirty (30) days incarceration and fined $100.00 for failing to pay spousal support.

The court gave Mr. Purdy an opportunity to purge the contempt.  For the Pope and Levy debt the court held that "[s]entencing shall be held in abeyance to allow Husband to purge his Contempt."  The court also held that "[i]t is ORDERED that Husband may purge said Contempt by paying the remainder of the Pope and Levy debt therefore preventing further garnishment of Wife's wages and payment arrangements, or full payoff to accomplish this shall be made within thirty (30) days of this ORDER."  The court held that any other pending issues not addressed in the entry were "NOT WELL-TAKEN and the same are DENIED."  The court also held that all prior orders not modified in its entry remained in "full force and effort."

{¶7}    Subsequently, Mr. Purdy filed objections to the magistrate's decision.  In December 2011, the trial court overruled the objections and reiterated its initial findings.  Then in February 2012, Mr. Purdy filed a motion for an extension of time to purge his

contempt. The parties entered into and filed a "MEMORANDUM OF AGREEMENT" concerning this motion. Evidently each party submitted to the court a draft of a judgment entry intended to reflect the parties' agreement, but these drafts do not appear in the record. Mr. Purdy objected to Ms. Purdy's submission. After reviewing the parties' agreement, the proposed entries, and Mr. Purdy's objections, the court issued an "AGREED JUDGMENT ENTRY," signed by neither party, ruling on the motion for an extension. Mr. Purdy appeals from this entry.

## II.  Assignment of Error

{¶8}    Mr. Purdy assigns one error for our review:

THE TRIAL COURT ERRED AS THE FINAL DECREE DOES NOT
REFLECT THE AGREEMENT MADE BY RESPECTIVE COUNSEL IN
CHAMBERS.

## III.  No Final, Appealable Order Exists

{¶9}    In his sole assignment of error, Mr. Purdy argues that the court's decision on his motion for an extension of time to purge his contempt does not accurately reflect the parties' agreement. However, before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11. If the parties do not raise the jurisdictional issue, we must raise it sua sponte. *State v. Locke*, 4th Dist. No. 11CA3409, 2011-Ohio-5596, ¶ 4.

{¶10}    " 'In order for there to be a final order in contempt of court proceedings, there must be both a finding of contempt and the imposition of a sanction or penalty. The mere

adjudication of contempt of court is not a final appealable order until a sanction or penalty is also imposed.' " *Clyburn v. Gregg*, 4th Dist. No. 11CA3211, 2011-Ohio-5239, ¶ 15, quoting *Cooper v. Cooper*, 14 Ohio App.3d 327, 471 N.E.2d 525, paragraph one of the syllabus (8th Dist.1984).

{¶11} Here, the court found Mr. Purdy in contempt for numerous reasons in the December 2011 entry. However, the court has not imposed a sanction or penalty for Mr. Purdy's failure to pay his share of the Pope and Levy debt. Instead, the court stated that sentencing "shall be held in abeyance to allow [Mr. Purdy] to purge his Contempt." As a result, the December 2011 entry is not a final, appealable order for purposes of the contempt proceedings. Therefore, the court's decision on Mr. Purdy's motion for an extension of time to purge his contempt cannot be final. It is interlocutory. Accordingly, we lack jurisdiction to consider Mr. Purdy's appeal and dismiss it.[1]

                                                                        APPEAL DISMISSED.

---

[1] Mr. Purdy's argument in support of his assignment of error consists only of the following statement:

> THE FINAL DECREE HAS MANY THINGS IN IT THAT THE MEMORANDUM OF AGREEMENT ENTERED INTO BY THE PARTIES DOES NOT CONTEMPLATE. IT IS NOT FAIR FOR THE DEFENDANT TO HAVE REACHED AN AGREEMENT IN COURT AND HAVE IT ALTERED TO SOMETHING SIGNIFICANTLY DIFFERENT THAN WHAT HE AGREED TO IN COURT.

Then Mr. Purdy attached a copy of the Memorandum of Agreement and court's entry ruling on his motion for an extension to his appellate brief. He not only cites no legal authority in support of his position, but also fails to specify what aspects of the court's entry he finds objectionable. " 'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out. * * * It is not the function of this court to construct a foundation for [an appellant's] claims[.]' " *In re A.Z.*, 4th Dist. No. 11CA3, 2011-Ohio-6739, ¶ 18, quoting *Coleman v. Davis*, 4th Dist. No. 10CA5, 2011-Ohio-506, ¶ 13. In other words, " '[i]t is not * * * our duty to create an argument where none is made.' " *Id.*, quoting *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435, ¶ 7. Therefore, if we had jurisdiction to reach the merits of Mr. Purdy's assignment of error, we would be within our discretion to summarily reject his argument. *See id.*

Kline, J., Concurring.

**{¶12}**  I respectfully concur in judgment only.

**{¶13}**  The Agreed Judgment Entry states that "[t]he Defendant's Motion for modification of child and spousal support shall be heard on July 17, 2012, at 1:30 p.m. until 4:30 p.m."  Therefore, I would find that the Agreed Judgment Entry is not a final appealable order because it leaves issues unresolved and contemplates further action.   *See Rice v. Lewis*, 4th Dist. No. 11CA3451, 2012-Ohio-2588, ¶ 14.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
Kline, J.:  Concurs in Judgment Only with Opinion.


For the Court


BY: _____
      William H. Harsha, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**