[Cite as *Robinette v. Bryant*, 2016-Ohio-5956.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| MICHAEL DAVID ROBINETTE, | : | Case No. 16CA21 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| TAMMY ANNETTE BRYANT, | : | **RELEASED 09/19/2016** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Tammy Annette Bryant, Fort Mitchell, Kentucky, pro se appellant.

J. Roger Smith, II, Law Offices of J. Roger Smith II, Huntington, West Virginia, for appellee.

_____

Harsha, J.

{¶1}    Tammy Annette Bryant appeals from an order that:  (1) found her in contempt for failure to comply with the trial court's prior order proscribing terms and conditions on the parties' communications with each other, but not sanctioning her for the contempt; (2) found her not in contempt for failing to have paid attorney fees for Michael David Robinette's former attorney, but ordered her to pay them within 90 days; (3) found her not in contempt for failing or refusing to submit to a previously ordered forensic parenting evaluation, but ordered her to obtain a new evaluation; (4) deferred ruling on Robinette's motion for attorney fees for his current attorney; (5) denied Robinette's motion to suspend Bryant's visitation, but placed restrictions on Bryant's rights to obtain certain records; and (6) ordered each party to pay 50% of the guardian ad litem ("GAL") fees upon submission of the GAL's invoice.

{¶2} Because the trial court's order did not meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), it was not final and appealable. Because we lack jurisdiction to address the merits, we dismiss the appeal.

## I. FACTS

{¶3} This is the fourth appeal involving disputes between the parties over parental rights for their minor daughter. As we have unfortunately noted in other protracted matters, this case has a long and tortured history beginning in 2010. Thus, in the interests of readability and sanity, we jump straight to the facts that form the crux of the current dispute.

{¶4} In October 2015, Robinette filed motions to find Bryant in contempt, for attorney fees, and to suspend Bryant's visitation with the parties' daughter. In his contempt motion Robinette requested that Bryant be held in contempt for: (1) her failure to pay court ordered attorney fees; (2) her failure to comply with the court order that she use the Our Family Wizard website to communicate with Robinette; (3) her failure to submit to a forensic parenting evaluation; and (4) her conduct in driving around Robinette's residence after her visitation with the child had ended. In his motion for attorney fees Robinette requested an award of attorney fees for his current counsel based on Bryant's "history" of being a "vexatious litigant." In his motion to suspend visitation Robinette asked the court to suspend Bryant's twice-monthly, hour-long visitation with the parties' daughter at McDonald's because, among other reasons, Bryant had sent improper and false communications to their daughter's school that could potentially jeopardize her ability to stay there.

**{¶5}**    After a hearing on Robinette's motions the magistrate issued a decision. In response to Bryant's objections, the trial court entered the following order: (1) Bryant was not in contempt of the court's August 4, 2014 order to pay Robinette's reasonable costs and attorney fees because she had not been specifically advised how much or when she was to pay the fees. But after finding the amount reasonable and Bryant's concession that she had the ability to pay, the court ordered that within 90 days Bryant pay $4,305 in attorney fees that Robinette testified he had paid to his former counsel; (2) Bryant was in contempt of the court's prior order that the parties use the Our Family Wizard website to communicate with each other regarding their child, and Bryant could purge herself of the contempt "by signing up for, paying for and utilizing the 'Our Family Wizard' website"; (3) Bryant was not in contempt of any prior court order by sometimes driving around Robinette's residence in Huntington, West Virginia after the end of her scheduled visitation time and the court did not have jurisdiction to prohibit Bryant from driving around Robinette's residence in West Virginia; and (4) Bryant was not in contempt of the court's prior order that she submit herself to a forensic parenting evaluation because there may have been some confusion about whether she or the GAL was required to schedule the evaluation. But now that the GAL had set up an evaluation and given an informational packet to Bryant, the court ordered Bryant to have a forensic psychological evaluation, which must specifically include a parenting fitness evaluation component.

**{¶6}**    Addressing Robinette's motion for attorney fees for his current attorney, the court deferred the matter "pending counsel's submission to the Court of any authority he may find that the Court may Order payment of the same."

{¶7}   On Robinette's motion to suspend Bryant's visitation with their daughter, the trial court found that Bryant had sent improper and false communications to their daughter's school and that her conduct in doing so will potentially jeopardize the child's ability to stay at the grade school.  The court ordered that Bryant's rights to educational and medical records from providers be "retracted," but that Robinette must provide educational and medical records and information to Bryant through the Our Family Wizard website.  Nevertheless, the trial court determined that although it was "very much concerned" by Bryant's conduct, it was "unwilling to reduce or suspend" Bryant's existing limited visitation time.  The court further ordered that each party pay half of the GAL fees incurred in the case upon submission of the GAL's invoice to the court for his time spent on the case on behalf of the child.

{¶8}   Although the trial court stated that its decision on Robinette's motions constituted a final appealable order, the court did not make an express determination that there was no just reason for delay under Civ.R. 54(B).

{¶9}   This pro se appeal by Bryant followed.

### III. ASSIGNMENTS OF ERROR

{¶10}  Bryant assigns the following errors for our review:

1. THE JUDGE ERRED IN STATING THAT "…THE COURT FINDS THE DEFENDANT HAS NOT BEEN SPECIFICALLY ADVISED HOW MUCH OR WHEN SHE WAS TO PAY SAID ATTORNEY FEES TO THE PLAINTIFF…WHICH THE DEFENDANT INDICATED ON THE RECORD SHE HAD THE ABILITY TO SO DO."

2. THE JUDGE ERRED WHEN STATING "…THAT THE DEFENDANT HAS WILLFULLY AND INTENTIONALLY IGNORED THE PRIOR ORDER(S) OF THE COURT THAT THE PARTIES UTILIZE THE "OUR FAMILY WIZARD" WEBSITE…THE DEFENDANT CONTINUES TO IGNORE THIS BASIC ORDER OF THE COURT AND INSTEAD CONTINUES TO SEND INAPPROPRIATE, THERATENING AND/OR

HARASSING TEXT MESSAGE AND E-MAILS DIRECTLY TO THE PLAINTIFF…"

3. THE JUDGE ERRED IN STATING THAT "BASED UPON THE ALLEGATION OF THE PLAINTIFF AND THE TESTIMONY OF THE PLAINTIFF, THE DEFENDANT DOES SOMETIMES DRIVE AROUND THE PLAINTIFF'S RESIDENCE IN HUNTINGTON, WEST VIRGINIA AT THE END OF HER SCHEDULED VISITATION TIME…"

4. THE JUDGE ERRED IN STATING THAT "…THE DEFENDANT HAS FAILED OR OTHERWISE REFUSED TO SUBMIT HERSELF TO A FORENSIC PARENTING EVALUATION AS PREVIOUSLY ORDERED BY THE COURT."

5. THE JUDGE ERRED WHEN HE STATED THAT "THE COURT FINDS IN ITS REVIEW OF THE COURT FILE AND THE TESTIMONY OF THE DEFENDANT THAT THERE MAY BE SOME CONFUSION AS TO WHETHER THE DEFENDANT OR THE G.A.L. WAS TO SCHEDULE SAID EVALUATION FOR THE DEFENDANT."

6. THE JUDGE ERRED IN NOT DENYING THE PLAINTIFF ADDITIONAL ATTORNEY FEES.

7. THE JUDGE ERRORED IN REMOVING THE RIGHTS OF THE DEFENDANT'S ACCESS TO THE MINOR CHILD'S EDUCATIONAL AND MEDICAL RECRDS.

8. THE JUDGE ERRORED IN STATING "…THE COURT DOES FURTHER ORDER EACH PARTY TO PAY 50% OF THE G.A.L. FEES IN THE CASE UPON SUBMISSION OF MR. PAYNE'S INVOICE TO THE COURT FOR HIS TIME SPENT ON THIS CASE ON BEHALF OF [THE CHILD] WITH COPIES FORWARDED TO EACH PARTY."

### III. LAW AND ANALYSIS

#### A. Jurisdiction: General Considerations

**{¶11}** Before addressing the merits of Bryant's assignments of error, we must determine whether we have jurisdiction to entertain it. " 'An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction.' " *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 28, quoting

*Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St .3d 23, 2013–Ohio–2410, 997 N.E.2d 490, ¶ 10.  An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Pinkerton v. Salyers*, 4th Dist. Ross No. 13CA3388, 2015-Ohio-377, ¶ 20. With these standards in mind, we turn to the specific orders she has appealed.

### B. Contempt Motion

{¶12}  In order for there to be a final appealable order in contempt proceedings, there must generally be both a finding of contempt and the imposition of a sanction. *See generally Purdy v. Purdy*, 4th Dist. Scioto No. 12CA3490, 2013-Ohio-280, ¶ 10; *Metcalf v. Kilzer*, 2014-Ohio-4713, 22 N.E.3d 198, ¶ 3 (4th Dist.); *Yonkings v. Wilikinson*, 86 Ohio St.3d 225, 229, 714 N.E.2d 394 (1999), citing *Chain Bike Corp. v. Spoke 'N Wheel, Inc.*, 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist. 1979) ("Appellant also argues that the case should be dismissed because a ruling on a contempt motion is not a final appealable order unless there is a finding of contempt and a sanction or penalty has been imposed").[1]

{¶13}  However, a contempt order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final appealable order.  *Docks Venture,*

---

[1] Because R.C. 2705.09 specifies that "[t]he judgment and orders of a court * * * made in cases of contempt may be reviewed on appeal," it arguably provides for an immediate appeal to which Civ.R. 54(B) is inapplicable as long as the finding of contempt is paired with the imposition of a sanction.  *See, e.g., Carow v. Girton*, 4th Dist. Athens No. 13CA13, 2014-Ohio-570, ¶ 24-25 (Harsha, J., concurring); *compare Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511, syllabus ("R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B)").

*L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 23.

{¶14} But there is no right of appeal from the dismissal or denial of a contempt motion when the party taking the appeal is not prejudiced by the dismissal or the denial. *See State ex rel. Hillman v. Holbrook*, 127 Ohio St.3d 1529, 2011-Ohio-376, 940 N.E.2d 983, citing *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 520 N.E.2d 1362 (1988), syllabus; *Briggs v. GLA Water Mgt.*, 6th Dist. Wood Nos. WD-12-062 and WD-12-063, 2014-Ohio-2214, ¶ 9.

{¶15} In Bryant's first five assignments of error she contests various parts of the trial court's rulings on Robinette's contempt motion.  But the trial court did not find Bryant to be in contempt of any prior order for her failure to pay attorney fees, driving near Robinette's West Virginia residence after visitation with their daughter had concluded, or failing to submit herself to a forensic parenting evaluation.  And although it did find Bryant to be in contempt of its order that the parties communicate with each other regarding their child through the Our Family Wizard website, the trial court did not impose any sanction on her, but instead merely stated that she could purge the contempt finding by signing up, paying for, and using the website for future communications between the parties concerning their daughter.  The orders did not result in any additional prejudice to Bryant beyond what had been previously ordered by the trial court.

{¶16} Therefore, the trial court's contempt rulings did not constitute final appealable orders because they did not include both a finding of contempt and a

sanction that prejudiced Bryant. We lack jurisdiction to address these assignments of error.

## C. Motion for Attorney Fees

**{¶17}** Robinette also filed a motion requesting attorney fees for his current counsel. Bryant's sixth assignment of error contests the trial court's failure to deny Robinette's motion for additional attorney fees.

**{¶18}** The trial court neither granted nor denied Robinette's motion. Instead, it deferred the matter for later resolution pending Robinette's provision of supporting authority for the award. By not deciding the merits of the motion, the trial court failed to enter a final appealable order as defined by R.C. 2505.02. *See, e.g., Fagan v. Boggs*, 4th Dist. Washington No. 08CA45, 2009-Ohio-6601, ¶ 11 (order that fails to resolve attorney-fee claim raised by a party is not a final appealable order).

**{¶19}** We thus lack jurisdiction to address Robinette's challenge to the court's order deferring its ruling on Robinette's motion for additional attorney fees.

## D. Motion to Suspend Visitation

**{¶20}** Bryant's seventh and eighth assignments of error contest the trial court's ruling concerning Robinette's motion to suspend Bryant's visitation with their daughter. But the trial court denied the motion and retained the previously ordered visitation for Bryant. Bryant was not prejudiced by the denial of the motion to suspend her visitation with their daughter.

**{¶21}** A parentage proceeding is a special proceeding for purposes of the final-order analysis in R.C. 2505.02(B)(2), *see, e.g., Sexton v. Conley*, 4th Dist. Scioto No. 99 CA 2655, 2000 WL 1137463, *2 (Aug. 7, 2000) (a parentage action is a "special

proceeding" for purposes of R.C. 2505.02). However, it is questionable whether the trial court's decision to "retract"[2] Bryant's rights to educational and medical records from providers impacted a substantial right because the court simultaneously imposed a duty on Robinette to provide educational and medical records and information concerning their daughter to Bryant through the Our Family Wizard website.  *See* R.C. 2505.02(A)(1), which defines "[s]ubstantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

**{¶22}**  Moreover, although a court order that the parties pay guardian ad litem fees could constitute a final order under R.C. 2505.02, *see Taphorn v. Caudill-Taphorn*, 5th Dist. Knox No. 13CA18, 2014-Ohio-587, ¶ 20, there still must be compliance with Civ.R. 54(B) in order to make the order appealable.  *See Bayus v. Bayus*, 11th Dist. Trumbull No. 2011-T-0062, 2012-Ohio-1462, ¶ 14 (applying Civ.R. 54(B) to a judgment ordering parties to pay guardian ad litem fees in a legal separation case, but determining it to be inapplicable because both post-decree motions had been withdrawn so no other claims remained pending when the trial court entered its judgment); *see also Gen. Acc. Ins. Co. v. Ins. Co. of North America*, 44 Ohio St.3d 17, 21-23, 540 N.E.2d 266 (1989) (applying Civ.R. 54(B) in a case in which the order was final under R.C. 2505.02 because it affected a substantial right made in a special proceeding).

**{¶23}**  In this case, even assuming that the trial court's rulings concerning Robinette's motion to suspend visitation constituted a final order because they impacted

---

[2] *Black's Law Dictionary* 1318 (7 Ed. 1999) defines "retraction" to mean: "[t]he act of taking or drawing back." However, we are not sure what the trial court intended by "retracted," i.e. suspended, or alternatively, terminated.

Bryant's substantial rights in a special proceeding, they were not appealable. The

claims raised in Robinette's other pending motions, including his motion requesting

attorney fees, were not completely resolved and the trial court did not make an express

determination that there is no just reason for delay in accordance with Civ.R. 54(B).

Therefore, we lack jurisdiction to address the assignments of error contesting these

rulings.

IV. CONCLUSION

    **{¶24}**   Because the trial court's order did not constitute a final appealable order

since the requirements of R.C. 2505.02 and Civ.R. 54(B) were not met, we lack

jurisdiction over Bryant's appeal and dismiss it.

APPEAL DISMISSED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**