[Cite as *Barker v. Bryant*, 2016-Ohio-7728.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| Jonathan Barker, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 16CA20 |
| | : | |
| v. | : | |
| | : | |
| Saraquoia Bryant et al., | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Defendants-Appellees. | : | **RELEASED: 11/04/16** |
| | : | |

HOOVER, J.,

{¶1}    Appellant Jonathan Barker filed an appeal from a trial court entry that dismissed his claims for failure to prosecute, awarded judgment to Appellee Saraquoia Bryant on her counterclaims, awarded compensatory and punitive damages to Bryant, and ordered a hearing to be held to consider Bryant's request for attorney fees and expenses. Appellees filed a motion to dismiss the appeal on the ground that the trial court's entry is not a final appealable order. Because the trial court entry is not a final appealable order, we **DISMISS** this appeal.

I. Procedural History

{¶2}    Appellant Barker filed a complaint against Appellees Bryant dba Cool Digs and Trinity Garden Supply, LLC. The Appellees filed a counterclaim asserting fraud claims and seeking compensatory and punitive damages, as well as attorney fees. After a hearing on the claims, the trial court entered judgment in which it found that Appellant Barker had repeatedly failed to appear for multiple hearings, failed to advise the trial court of his whereabouts or provide the court with working telephone numbers for telephonic pretrial hearings, and failed to contact the trial court in over a year. The

trial court dismissed Barker's claims with prejudice for failure to prosecute and, after considering evidence and testimony, awarded judgment in favor of Appellee Bryant as to the counterclaims. The trial court also awarded Bryant compensatory and punitive damages and ordered, "[t]hat a hearing will be held to consider an award of attorney's fees and expenses."  The entry did not contain a Civ.R. 54(B) certification that there was no just reason for delay.

{¶3}    Barker filed an appeal and Bryant filed a motion to dismiss the appeal for lack of a final appealable order. Barker, who is pro se, filed no response.

## II. Legal Analysis

{¶4}    Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Section 3(B)(2), Article IV, Ohio Constitution; *see also* R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. Gallia No. 07CA7, 2008–Ohio–4755, ¶ 11.

{¶5}    Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is

subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see* Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977) (citations omitted); see also *Turner v. Robinson*, 4th Dist. Highland No. 15CA11, 2016-Ohio-2981, ¶ 29.

**{¶6}** The Supreme Court of Ohio has held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim * * * is not a final, appealable order." *Internatl. Bhd. Of Electrical Workers, Local Union No. 8 v. Vaughn Industries*, L.L.C., 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph two of the syllabus. This court has consistently held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." *Shelton v. Eagles Foe Aerie 2232*, 4th Dist. Adams No. 99CA678, 2000 WL 203857 (Feb. 15, 2000), citing *Horner v. Toledo Hospital*, 94 Ohio App.3d 282, 640 N.E.2d 857 (6th Dist. 1993); *see also Fagan v. Boggs*, 4th Dist. Washington No. 08CA45, 2009-Ohio-6601, ¶ 11-14.

**{¶7}** "Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists." *Fagan* at ¶ 13. We dismiss appeals for lack of a final, appealable order when a trial court specifically 1) raises the attorney fee issue and

defers its adjudication, or 2) awards attorney fees and defers the determination of the amount of fees. *Jones v. McAlarney Pools, Spas & Billiards, Inc.*, 4th Dist. Washington No. 07CA34, 2008-Ohio-1365, ¶ 10; *Robinette v. Bryant*, 4th Dist. Lawrence No. 16CA21, 2016-Ohio-5956, ¶ 18.

**{¶8}** Here, the trial court's entry specifically raises the attorney fee issues and defers its adjudication. Therefore, the entry is not a final appealable order.

III. Conclusion

**{¶9}** The trial court's entry does not constitute a final, appealable order. We lack jurisdiction to consider the matter. Accordingly, we hereby dismiss this appeal.

**{¶10}** The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail.

**{¶11} APPEAL DISMISSED. COSTS TO APPELLANT. IT IS SO ORDERED.**

Abele, J. and McFarland, J.: Concur.

**FOR THE COURT**

_____
Marie Hoover
Judge