[Cite as *Biats v. Biats*, 2021-Ohio-243.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| LAURA BIATS, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0028** |
| CARL G. BIATS, JR., et al., | : | |
| Defendant-Appellant, | : | |
| ASHTABULA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, | : | |
| | : | |
| Appellee. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2009 DR 00068.

Judgment: Appeal dismissed.

*Laura Biats*, pro se, 72 West Jefferson Street, Jefferson, OH 44047 (Plaintiff-Appellee).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

*Debra S. McMillan*, ACCSEA, 2924 Donahoe Drive, Ashtabula, OH 44004 (For Appellee, Ashtabula County Child Support Enforcement Agency).

MATT LYNCH, J.

{¶1} On June 9, 2020, defendant-appellant, Carl G. Biats, filed a notice of appeal from the judgment of the Ashtabula County Court of Common Pleas, denying his objections to the Magistrate's Decision finding Biats in contempt and adopting the

Decision in whole. We dismiss the appeal due to the lack of a final, appealable order.

{¶2} In October 2019, Laura Biats, now known as Laura Adams, and the Ashtabula County Child Support Enforcement Agency filed a motion to show cause due to Biats' failure to pay spousal support to Adams. Following a hearing, a January 16, 2020 Magistrate's Decision was issued which found Biats was in contempt and in default of his support obligation in the amount of $24,675.82. It further found Biats could purge himself of the contempt by paying $3,600 per month toward arrears, that a purge hearing should be set every 30 days for 7 months, and "if Obligor fails to pay as ordered during [the] purge period, the matter shall be set for sentencing." The court issued a May 11, 2020 Judgment Entry overruling objections to the Magistrate's Decision and adopting the Decision. A June 4, 2020 Judgment Entry was issued stating the foregoing findings.

{¶3} We must determine whether the order appealed from is a final appealable order. According to the Ohio Constitution, Article IV, Section 3(B)(2), a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "'final order' in the action." *Germ v. Fuerst,* 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Elec. Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

{¶4} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order." (Citation omitted.) *In re Lesnoski*, 11th Dist. Trumbull No. 2004-T-0077, 2005-Ohio-6078, ¶ 8; *Chain Bike Corp. v. Spoke 'N Wheel, Inc.*, 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist.1979) ("[t]he

2

mere adjudication of contempt is not final until a sanction is imposed"); *In re I.L.J.*, 8th Dist. Cuyahoga No. 108251, 2019-Ohio-5241, ¶ 46.

{¶5} The Ohio Supreme Court has clarified that "a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court" and an additional appeal can be filed on whether the purge conditions have been met "following execution of sentence on the failure to purge." *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 23; *see Robinette v. Bryant*, 4th Dist. Lawrence No. 16CA21, 2016-Ohio-5956, ¶ 12-13 ("a contempt order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final appealable order"); *see also Moton v. Bailey*, 6th Dist. Lucas No. L-19-1122, 2019-Ohio-5365, ¶ 20 ("[a]n order holding a person in contempt of court and imposing a sanction (whether unconditional or conditioned on the person's failure to purge the contempt) is a final order that is immediately appealable"); *Bar 145 Franchising, LLC v. College Town Kent, LLC*, 11th Dist. Portage No. 2017-P-0102, 2018-Ohio-2459, ¶ 14.

{¶6} Here, the trial court did not include both required elements for a final appealable order. It made a finding of contempt but did not issue a penalty or sanction, such as a fine or jail time. It stated only that the matter would be "set for sentencing" if Biats failed to purge. A final order can be issued when the court imposes a sanction conditioned on the failure to purge, but no penalty was imposed here. Appellate courts have dismissed appeals due to a lack of jurisdiction in these circumstances. *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, et al., 2019-Ohio-4311, ¶ 21 and 32 (dismissing for lack of a final order where the court found counsel

in contempt but had "yet to impose any penalty or sanction" and stated that "[s]anctions shall be considered at a future date"); *Robinette* at ¶ 15 (a final order did not exist where the court found the appellant to be in contempt of its order, included purge conditions, but did not impose a sanction).

{¶7}   We note that Biats' first assignment of error relates to the denial of a separate motion he made for a refund of support paid.   However, the argument is interrelated with the finding of contempt, which was based on Biats' failure to pay the amount in dispute, and the issue raised on appeal is whether "res judicata justif[ies] summarily dismissing Appellant's motion for a refund, preclude[s] Appellant [from] receiving credit for an undisputed spousal support payment and serve[s] as the basis for a contempt finding."   Since the issue raised in the motion is interrelated with the contempt finding, addressing these issues jointly from a final, appealable order on contempt best serves the "strong policy" of avoiding piecemeal litigation.   *State ex rel. Streetsboro City School Dist. Bd. of Edn. v. Streetsboro*, 11th Dist. Portage No. 2018-P-0042, 2019-Ohio-663, ¶ 16.

{¶8}   Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

{¶9}   Appeal dismissed.


CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

4